## *In re* BONNER, Petitioner.

### ORIGINAL.

No. 8. Original. Argued November 27, 28, 1893. — Decided January 15, 1894.

When a person accused of crime is convicted in a court of the United States and is sentenced by the court, under Rev. Stat. § 5356, to imprisonment for one year and the payment of a fine, the court is without jurisdiction to further adjudge that that imprisonment shall take place in a state penitentiary under Rev. Stat. § 5546; and the prisoner, if sentenced to be confined in a state penitentiary, is entitled to a writ of *habeas corpus* directing his discharge from the custody of the warden of the state penitentiary, but without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with law upon the verdict against him.

Where a conviction is correct, and where the error or excess of jurisdiction is the ordering the prisoner to be confined in a penitentiary where the law does not allow the court to send him, there is no good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence, in order that its defect may be corrected.

The court discharging the prisoner in such case on *habeas corpus* should delay his discharge for such reasonable time as may be necessary to have him taken before the court where the judgment was rendered, in order that the defects in the former judgment for want of jurisdiction, which are the subjects of complaint, may be corrected.

THE petitioner, John Bonner, a citizen of the United States, represents that he is now and has been since the 23d of May, 1893, unlawfully deprived of his liberty by one P. W. Madden, as warden of the penitentiary of Iowa, situated in Anamosa in that State. He sets forth, as the cause of his restraint and detention, that at the October term, 1892, of the United States court for the Third Judicial Division of the Indian Territory, he was indicted for the larceny, in May previous, in the Chickasaw Nation, within the Indian Territory, of four head of cattle of the value of fifty dollars, the property of one Robert Williams, who was not a member of any Indian tribe; that during that month he was arraigned before the same court and pleaded not guilty to the indictment, and was tried and found guilty. The statute under which the indictment was found is contained in section 5356 of the Revised Statutes, and is as follows: "Every person who, upon the high seas, or in any place under the exclusive jurisdiction of the United States, takes and carries away, with intent to steal or purloin, the personal goods of another, shall be punished by a fine of not more than one thousand dollars, or by imprisonment not more than one year, or by both such fine and imprisonment." The court by its judgment sentenced the petitioner to imprisonment in the penitentiary at Anamosa in the State of Iowa for the term of one year, and to the payment of a fine of one thousand dollars. It also added that the marshal of the court, to whose custody he was then committed, should safely keep and convey the petitioner and deliver him to the custody of the warden of the penitentiary, who would receive and keep him in prison for the period of one year in execution of the sentence. The petitioner also sets forth that the warden of the penitentiary has no other authority to hold him than the said judgment and order of commitment.

The petitioner alleges that the said sentence and order of commitment are void; that the court was without power or jurisdiction, under the law, to render the judgment; and that he had applied to the United States Judge of the Northern District of Iowa for a writ of *habeas corpus* to be released from confinement, and that the writ was denied to him. He,

therefore, prays that this court will issue the writ of *habeas corpus* to the said warden to appear before this court and show what authority, if any, he has for restraining the petitioner of his liberty, and that upon final hearing he may be discharged.

An order was issued from this court in October last to the warden to show cause why the writ should not be granted as prayed. The warden returns answer that he holds the prisoner by virtue of a warrant of commitment issued upon the judgment and sentence of the United States court, as above stated, of which a copy is annexed to the petition, and that at the time of the petitioner's conviction, and of the judgment and sentence, there was no penitentiary or jail suitable for the confinement of convicts or available therefor in the Indian Territory, and that the state penitentiary at Anamosa had been duly designated by the Attorney General, under section 5546 of the Revised Statutes of the United States, as the place of confinement for prisoners convicted of crime by that court, and that the order of the court for the confinement of the petitioner in that penitentiary under its sentence of imprisonment was in pursuance of that designation.

So much of section 5546 of the Revised Statutes as bears upon the question under consideration in this case is as follows: "All persons who have been or who may hereafter be convicted of crime by any court of the United States, whose punishment is imprisonment, in a district or territory where, at the time of conviction, there may be no penitentiary or jail suitable for the confinement of convicts or available therefor, shall be confined during the term for which they have been or may be sentenced in some suitable jail or penitentiary in a convenient State or Territory, to be designated by the Attorney General, and shall be transported and delivered to the warden or keeper of such jail or penitentiary by the marshal of the district or territory where the conviction has occurred."

*Mr. John C. Chaney,* (with whom was *Mr. William J. Rannells* on the brief,) for petitioner.

*Mr. Solicitor General* opposing.

I. An excessive sentence upon a lawful conviction is not absolutely void, so as to entitle the prisoner to be discharged on *habeas corpus*.

It is true that in the *case of Mills*, 135 U. S. 263, 270, the petitioner was discharged on *habeas corpus* because he had been sentenced to imprisonment in a penitentiary instead of in a jail, upon the ground, as stated by Mr. Justice Harlan delivering the opinion of the court, that " The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which the court below transcended its powers. *Ex parte Lange*, 18 Wall. 163, 176; *Ex parte Parks*, 93 U. S. 18, 23; *Ex parte Virginia*, 100 U. S. 339, 343; *Ex parte Rowland*, 104 U. S. 604, 612; *In re Coy*, 127 U. S. 731, 738; *Hans Nielsen, Petitioner*, 131 U. S. 176, 182."

I am obliged to admit upon the authority of that case, construing Revised Statutes, sections 5541, 5547, that the petitioner should not have been sentenced to imprisonment in a penitentiary, but I beg to submit that the judgment and sentence are not for that reason absolutely void, so as to entitle the petitioner to a writ of *habeas corpus* for his discharge; and I ask the court to reconsider the doctrine announced in the passage quoted above from the opinion of Mr. Justice Harlan.

I respectfully submit that the authorities cited by Mr. Justice Harlan do not support his statement of the law. None of them involve the question of an excessive sentence at all, except *Ex parte Lange*, and in that case the court said in express terms that the excessive sentence was not void, but only voidable; and a writ of *habeas corpus* having been denied in three of the remaining five cases cited, they certainly cannot be accepted as adjudications in favor of the point ruled in *Ex parte Mills*.

In *Ex parte Lange*, 18 Wall. 163, 176, the petitioner had been convicted in the Circuit Court, under a statute which

authorized the court to impose either a fine of not more than
$200, or imprisonment not to exceed one year. The court
erroneously sentenced the petitioner to pay a fine of $200 *and*
to be imprisoned for a period of one year; and the defendant,
having paid the fine of $200, was brought into court and, the
error in awarding judgment against him having been dis-
covered, an order was entered vacating the judgment, fixing
the punishment at a fine and imprisonment both, and the
prisoner was a second time sentenced to one year's imprison-
ment from the date of the second judgment. This court held
that he was entitled to an absolute discharge upon *habeas
corpus,* but upon the ground that he had already satisfied the
penalty of one of the alternative judgments prescribed by the
statute, in the payment of the fine of $200, and that he could
not, therefore, be properly adjudged to undergo imprisonment.
Mr. Justice Miller said (p. 176): " The record of the court's
proceedings, at the moment the second sentence was rendered,
showed that in that very case and for that very offence the
prisoner had fully performed, completed, and endured one of
the alternative punishments which the law prescribed for that
offence, and had suffered five days' imprisonment on account
of the other. It thus showed the court that its power to
punish for that offence was at an end."

. But the learned justice took occasion to say that the original
judgment, in awarding the excessive punishment of both fine
and imprisonment, was not for that reason void, but only erro-
neous. He said (p. 174): " The judgment first rendered, though
erroneous, was not absolutely void. It was rendered by a court
which had jurisdiction of the party and of the offence, on a
valid verdict. The error of the court in imposing the two
punishments mentioned in the statute, when it had only the
alternative of one of them, did not make the judgment wholly
void."

In *Ex parte Parks,* 93 U. S. 18, 23, Mr. Justice Bradley
thus stated the ground of the judgment in the case of *Lange:*
" In *Ex parte Lange* we proceeded on the ground that when
the court rendered its second judgment the case was entirely
out of its hands. It was *functus officio* in regard to it. The

judgment first rendered had been executed and satisfied. The subsequent proceedings were therefore, according to our view, void."

In *Sennott's Case*, 146 Mass. 489, 493, Knowlton, J., said of the case of *Lange:* " The leading cases of *Ex parte Lange,* 18 Wall. 163, and *People* v. *Liscomb*, 60 N. Y. 559, do not decide that a sentence which is merely erroneous and excessive through a mistake of law is void, in such a sense as to make an officer liable for executing it, or to call for a discharge upon *habeas corpus* of a person held under it. Indeed, in the former case, Mr. Justice Miller, in his opinion, at page 174, asserts that it is not. The principle upon which this case goes is, that when a court has once imposed a sentence, whether in accordance with law or not, which has been served or performed in whole or in part, it has no jurisdiction to impose another, either in addition to or in substitution for the first. And the case of *People* v. *Liscomb*, rests on similar grounds. See *People* v. *Jacobs*, 66 N. Y. 8." '

*Ex parte Parks* was not the case of an excessive sentence, but of sentence under an indictment which, it was claimed by the petitioner, charged him with no crime against the laws of the United States; but this court held that that was a question which the trial court had jurisdiction to determine, and a writ of *habeas corpus* was accordingly denied. The case is surely no authority for the proposition that an excessive sentence is a void sentence. No case to that effect was cited by Mr. Justice Bradley, and no countenance to such a view was given by anything said in his opinion. On the contrary, after citing, in addition to *Ex parte Lange*, *Ex parte Kearney*, 7 Wheat. 38, and *Ex parte Wells*, 18 How. 307, in both of which writs were denied, and in the first of which the rule, that *habeas corpus* cannot be used as a writ of error, was declared in the strongest terms by Mr. Justice Story, Mr. Justice Bradley said (p. 23): " But if the court had jurisdiction and power to convict and sentence, the writ cannot issue to correct a mere error. . . . But, in the case before us, the district court had plenary jurisdiction, both of the person, the place, the cause, and everything about it. To review the decision of that court by means of

the writ of *habeas corpus* would be to convert that writ into a mere writ of error and to assume an appellate power which has never been conferred upon this court."

In *Ex parte Virginia*, 100 U. S. 339, it was claimed that the act under which the prisoner was arrested was unconstitutional, but this court held otherwise and denied the writ. The case of *Coy* is to the same effect, the court denying the writ and refusing to consider the sufficiency of the indictment.

In *Hans Nielsen, Petitioner*, 131 U. S. 176, the prisoner was convicted and sentenced for the crime of adultery, which was included in the crime of unlawful cohabitation for which he had previously been convicted and punished, and this court ordered his discharge, upon the ground that the trial court was without jurisdiction to render *any* judgment, the prisoner having already been convicted of the same offence.

Having endeavored to show, by an analysis of the cases cited in *Ex parte Mills*, that none of them support the doctrine announced in that case, that an excessive sentence upon a lawful conviction is void, I now refer the court to several well-considered cases in which the opposite rule is adjudged.

In *Sennott's Case*, 146 Mass. 489, 492, 493, which involved a sentence not in accordance with the statutes, and in which the court refused a *habeas corpus*, Knowlton, J., said: " The better rule seems to be, that where a court has jurisdiction of the person, and of the offence, the imposition by mistake of a sentence, in excess of what the law permits, is within the jurisdiction, and does not render the sentence void, but only voidable by proceedings upon a writ of error. *Ross's Case*, 2 Pick. 165 ; *Feeley's Case*, 12 Cush. 598, 599 ; *Semler, Petitioner*, 41 Wisconsin, 517 ; *Ex parte Shaw*, 7 Ohio St. 81 ; *Ex parte Van Hagan*, 25 Ohio St. 426 ; *Phinney, Petitioner*, 32 Maine, 440 ; *Kirby* v. *State*, 62 Alabama, 51 ; *Lark* v. *State*, 55 Georgia, 435."

*Ex parte Shaw*, 7 Ohio St. 81, 82, was a case of *habeas corpus* for the release of a prisoner sentenced to imprisonment for one year, under a statute which required a sentence for a period of not less than three years. Swan, J., said: " Does this render the sentence void and the commitment of the re-

lator unlawful? The question is one simply of jurisdiction. The court had jurisdiction over the offence and its punishment. It had authority to pronounce sentence; and, while in the legitimate exercise of its power, committed a manifest error and mistake in the award of the number of years of the punishment. The sentence was not void, but erroneous. . . . . But if the court had sentenced the relator for an offence over which, by law, it had no jurisdiction whatever, so that the proceedings and sentence were manifestly *coram non judice* and void, the imprisonment following such void sentence would have been unlawful, and the relator entitled to be discharged on *habeas corpus*."

A similar rule was applied in *Ex parte Van Hagan*, 52 Ohio St. 426, where the petitioner, upon a lawful conviction, had been erroneously sentenced to imprisonment in the workhouse for six months, instead of for thirty days in the dungeon of the county jail, as prescribed by the statute; and in *Williams* v. *State*, 18 Ohio St. 46, 49, where the sentence was vague and indefinite, being imprisonment for "ten years, to commence at the expiration of the sentence aforesaid," there being nothing in the record showing to what the term "aforesaid" related, the court remanded the case "for judgment and sentence upon the verdict of the jury pursuant to law," with this observation: "As the error in this case is only in the insufficiency of the judgment and sentence of the court, the reversal will not affect the validity of the conviction."

*In re. Graham*, and *In re McDonald*, 74 Wisconsin, 450, the petitioners applied for writs of *habeas corpus*, claiming to have been sentenced respectively to imprisonment in the state prison for thirteen and fourteen years, when the act under which convictions were had, permitted imprisonment for not more than ten years nor less than three years. The court said: "We deny the writs for the reason that the error in the judgments does not render them void, or the imprisonment under them illegal, in that sense which entitles them to be discharged on a writ of *habeas corpus*. The judgments are doubtless erroneous and would be reversed on writ of

error. But the judgments are not void. The court had jurisdiction of the persons and subject-matter or offence, but made a mistake in the judgment. For mere error, no matter how flagrant, the remedy is not by *habeas corpus*. The law is well settled in this court that on *habeas corpus* only jurisdictional defects are inquired into. The writ does not raise questions of errors in law or irregularities in the proceedings."

The prisoners applied a second time for writs, but they were refused, 76 Wisconsin, 366. Graham then applied to. this court, *In re Graham*, 138 U. S. 461, but his application was denied on the ground that there was no Federal question involved.

In *Elsner* v. *Shrigley*, 80 Iowa, 30, 34, the plaintiff was convicted of maintaining a nuisance and sentenced to pay a fine of $300 and costs, including an attorney's fee of $50. The judgment further provided for imprisonment for failure to pay, at hard labor, until the fine and costs were paid. The prisoner sued out a writ of *habeas corpus*, claiming that the judgment was void, because it failed to fix the time for which he was to be imprisoned. The court said: "It was not, of course, to be understood that a court has acted in a lawful manner when the judgment it pronounces is absolutely void, for such a judgment has no support in the law. Neither the law in its substance nor 'manner or form' can aid it. But if it is merely voidable, it has support until set aside in a proper proceeding. The court in that proceeding had jurisdiction of the subject matter and of the person. It had the right to impose a fine, and provide for imprisonment until the fine was paid. In so doing it could not make the imprisonment exceed one day for each three and one-third dollars. If the judgment exceeded the limit of the law, it would be void as to the excess, but not as to the remainder. *People* v. *Jacobs*, 66 N. Y. 8; *People* v. *Baker*, 89 N. Y. 460. Conceding that the court could, under the language of the statute, make the imprisonment less than the rate named, it could not make it more, and within the limits it possessed a discretionary power, and in the erroneous exercise of such a power a court cannot generally, if ever, be

said to be acting in an unlawful manner, nor are such acts generally, if ever, absolutely void."

In the next paragraph the court said that the failure of the trial judge to fix a definite term of imprisonment "made the judgment erroneous, but not void, and the law on appeal afforded the plaintiff ample protection." And they "reached the conclusion that *habeas corpus* is not available to question the correctness of the proceedings of the district court with reference to the judgment in question," and affirmed the judgment, remanding the petitioner to custody, citing many authorities (p. 36).

In *Ex parte Max*, 44 California, 579, 581, Max petitioned to be discharged, on *habeas corpus*, because he was sentenced as for conviction of a felony when he was convicted of a misdemeanor merely. His counsel contended that the judgment was absolutely void, and conferred no authority to the warden to detain the petitioner. The court said: "We are of opinion, however, that the position cannot be maintained. The indictment upon which judgment is founded is sufficient in all respects; the offence of which the prisoner was convicted was one within the scope of the indictment, and the judgment one which the county court had the authority to render upon the appearance and plea of the petitioner. These conditions constitute jurisdiction; all others involve questions of mere error, and the latter cannot be inquired into upon writ of *habeas corpus*, but only upon proceedings in error."

In *People* v. *Kelly*, 97 N. Y. 212, an application was made for a writ of *habeas corpus* by a prisoner who had been convicted of an assault in the third degree, and sentenced to imprisonment at hard labor in the state prison for the term of one year. The Court of Appeals held that the offence was a misdemeanor, and punishable only by imprisonment for not more than one year, or by a fine of not more than $500, or by both. The case is one of an excessive sentence upon a valid conviction. But the court refused to discharge the petitioner, and remanded him to the sheriff in order that the trial court might deal with him according to law.

In *Ex parte Bond*, 9 S. C. 80, the petitioner had been con-

victed of assault with intent to kill and sentenced to confinement in the penitentiary at hard labor. The court held that the offence was not punishable by confinement in the state penitentiary, and that the sentence was therefore erroneous, but that it was not void, and refused to discharge the prisoner on *habeas corpus.*

*In re Petty,* 22 Kansas, 477, was an original proceeding in *habeas corpus.* The petitioner, for a murder committed in 1866, was sentenced, under an act of 1872, which provided that a person sentenced to death was to be delivered to the warden of the penitentiary, under a warrant of a court pronouncing judgment, and kept at hard labor within the walls of the penitentiary until the warden received the order of the governor fixing the day on which the sentence of the law was to be carried into effect, which order should not be made before one year had elapsed from the time of conviction. Prior to the act of 1872, whenever any convict was sentenced to the punishment of death, the court appointed a day on which such sentence was to be executed, the day not being less than four nor more than eight weeks from the time of the sentence. The court held that the prisoner was not subject to the punishment of the act of 1872; but that the trial court having had jurisdiction of the person of the prisoner and of the offence, the verdict was valid; that under the verdict he was liable to be sentenced to the punishment of death, and that the proviso in the sentence that the governor should set the day of the execution at a time not less than one year from the day of sentence " was an irregularity, or rather an erroneous order, to carry out the sentence of death, and not a void judgment." The writ was denied, and the prisoner remanded to the custody of the warden.

In *Phinney, Petitioner,* 32 Maine, 440, the sentence of the petitioner had erroneously ordered the fine to be paid to the State. The court, while recognizing the error, said: " Still the judgment is valid until reversed," and refused to discharge the prisoner.

*The People* v. *Cavanagh,* 2 Parker's Crim. Rep. (N. Y.) 650, 662, was a case in *habeas corpus* for relief from an errone-

ous sentence of imprisonment.  The court said : " There is no force in the point raised that Cavanagh should have been sentenced to the penitentiary, and not to the county jail.  We must assume that the *oyer* and *terminer* determined it had the power to pronounce the sentence under which he was imprisoned.  If it was an error to designate the county jail as the place of his confinement, which I by no means assert, it cannot be reviewed and corrected in this proceeding.  It forms no ground for his discharge upon *habeas corpus*."

In *Ex parte Mooney*, 26 W. Va. 32, 36, the writ was refused to a prisoner who had been improperly sentenced to both fine and imprisonment.

The sentence at bar is in accordance with the statute in the amount of the fine and in the term of the imprisonment imposed.  It violates the statute only in the designation of the place of imprisonment.  I beg to submit whether, in view of the provisions of title 70, chapter 9, of the Revised Statutes, the designation by the United States courts of the place at which their sentences of imprisonment shall be executed, is such a part of the sentence itself as to make the sentence absolutely void if there is error in the designation.  In *Ex parte Waterman*, 33 Fed. Rep. 29, 30, Coxe, J., referring to these statutes said: " By these provisions Congress clearly recognizes a distinction between a sentence and an order for the execution of the sentence.  After the former has been *passed*, the order is made designating the prison, but the *order* is not necessarily a part of the judgment of the court."  This seems to be a plausible view of section 5541 of the Revised Statutes, which provides that, " in every case where any person convicted of any offence against the United States is *sentenced* to imprisonment for a period longer than one year, the court by which the *sentence is passed* may order the same to be executed in any state jail or penitentiary."

II.  The petitioner should not be released on *habeas corpus*, even if he is entitled to be discharged on writ of error.  The practice at common law is well established.

III.  The erroneous sentence can be corrected in the Circuit Court of Appeals, the conviction being valid, and the petitioner should not therefore be discharged absolutely.

IV. The petitioner should be remitted to the Circuit Court for relief.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The petitioner asks for the issue of the writ of *habeas corpus* in order that he may be thereby set at liberty, on the ground that his imprisonment in the penitentiary at Anamosa in Iowa is in pursuance of a judgment of a court which possessed no authority under the law to pass sentence upon him of imprisonment in the state penitentiary, upon his conviction of the offence for which he was indicted and tried. That is a sentence which can only be imposed where it is specifically prescribed, or where the imprisonment ordered is for a period longer than one year, or at hard labor. To an imprisonment for that period or at hard labor in a state penitentiary infamy is attached, and a taint of that character can be cast only in the cases mentioned.

Section 5356 of the Revised Statutes of the United States, under which the defendant was indicted and convicted, prescribes as a punishment for the offences designated fine or imprisonment — the fine not to exceed one thousand dollars and the imprisonment not more than one year, or by both such fine and imprisonment. Such imprisonment cannot be enforced in a state penitentiary. Its limitation being to one year, must be enforced elsewhere. Section 5541 of the Revised Statutes provides that : " In every case where any person convicted of any offence against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or State where such court is held, the use of which jail or penitentiary is allowed by the legislature of the State for that purpose." And section 5542 provides for a similar imprisonment in a state jail or penitentiary where the person has been convicted of any offence against the United States and sentenced to imprisonment and confinement at hard labor. It follows

that the court had no jurisdiction to order an imprisonment, when the place is not specified in the law, to be executed in a penitentiary when the imprisonment is not ordered for a period longer than one year or at hard labor. The statute is equivalent to a direct denial of any authority on the part of the court to direct that imprisonment be executed in a penitentiary in any cases other than those specified. Whatever discretion, therefore, the court may possess, in prescribing the extent of imprisonment as a punishment for the offence committed, it cannot, in specifying the place of imprisonment, name one of these institutions. This has been expressly adjudged in *In Re Mills*, 135 U. S. 263, 270, which, in one part of it, presents features in all respects similar to those of the present case.

There the petitioner, Mills, was detained by the warden of the state penitentiary in Columbus, Ohio, pursuant to two judgments of the District Court of the United States for the Western District of Arkansas sentencing him in each case to confinement in the penitentiary of that State. Application was made by the prisoner for a writ of *habeas corpus*, on the ground that the court by which he was tried had no jurisdiction of the offences with which he was charged, and on the further ground that his detention in the penitentiary under the sentences, neither of which was for a longer period than one year, was contrary to the laws of the United States. The first position was not considered tenable, but the second was deemed sufficient to authorize the issue of the writ. The court held that, apart from any question as to whether the court below had jurisdiction to try the offence charged, the detention of the petitioner in the penitentiary upon sentences, neither of which was for imprisonment longer than one year, was in violation of the laws of the United States, and that he was, therefore, entitled to be discharged from the custody of the warden of the institution. " A sentence simply of 'imprisonment,' " said the court, " in the case of a person convicted of an offence against the United States — where the statute prescribing the punishment does not require that the accused shall be confined in a penitentiary — cannot be executed by confinement in that institution, except in cases where

the sentence is 'for a period *longer* than one year.' There is consequently no escape from the conclusion that the judgment of the court sentencing the petitioner to imprisonment in a penitentiary, in one case for a year and in the other for six months, was in violation of the statutes of the United States. The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void." The court added : "This is not a case of mere error, but one in which the court below transcended its powers," citing *Ex parte Lange*, 18 Wall. 163, 176 ; *Ex parte Parks*, 93 U. S. 18, 23 ; *Ex parte Virginia*, 100 U. S. 339, 343 ; *Ex parte Rowland*, 104 U. S. 604, 612 ; *In re Coy*, 127 U. S. 731, 738 ; and *Hans Nielsen, Petitioner*, 131 U. S. 176, 182.

Counsel for the government admits that, upon the authority of that case construing the Revised Statutes, the petitioner should not have been sentenced to imprisonment in the penitentiary ; but he claims that the judgment and sentence are not for that cause void so as to entitle the petitioner to a writ of *habeas corpus* for his discharge, and he asks the court to reconsider the doctrine announced, contending that neither the reason of the law nor the authorities sustain the position. According to his argument, it would seem that the court does not exceed its jurisdiction when it directs imprisonment in a penitentiary, to which place it is expressly forbidden to order it. It would be as well, and be equally within its authority, for the court to order the imprisonment to be in the guard-house of a fort, or the hulks of a prison-ship, or in any other place not specified in the law.

We are unable to agree with the learned counsel, but are of opinion that in all cases where life or liberty is affected by its proceedings, the court must keep strictly within the limits of the law authorizing it to take jurisdiction and to try the case and to render judgment. It cannot pass beyond those limits in any essential requirement in either stage of these proceedings ; and its authority in those particulars is not to be enlarged by any mere inferences from the law or doubtful construction of its terms. There has been a great deal said

and written, in many cases with embarrassing looseness of expression, as to the jurisdiction of the courts in criminal cases. From a somewhat extended examination of the authorities we will venture to state some rule applicable to all of them, by which the jurisdiction as to any particular judgment of the court in such cases may be determined. It is plain that such court has jurisdiction to render a particular judgment only when the offence charged is within the class of offences placed by the law under its jurisdiction; and when, in taking custody of the accused, and in its modes of procedure to the determination of the question of his guilt or innocence, and in rendering judgment, the court keeps within the limitations prescribed by the law, customary or statutory. When the court goes out of these limitations, its action, to the extent of such excess, is void. Proceeding within these limitations, its action may be erroneous, but not void.

To illustrate: In order that a court may take jurisdiction of a criminal case, the law must, in the first instance, authorize it to act upon a particular class of offences within which the one presented is embraced. Then comes the mode of the presentation of the offence to the court. That is specifically prescribed. If the offence be a felony, the accusation in the Federal court must be made by a grand jury summoned to investigate the charge of the public prosecutor against the accused. Such indictment can only be found by a specified number of the grand jury. If not found by that number, the court cannot proceed at all. If the offence be only a misdemeanor, not punishable by imprisonment in the penitentiary, *Mackin* v. *United States*, 117 U. S. 348, the accusation may be made by indictment of the grand jury or by information of the public prosecutor. An information is a formal charge against the accused of the offence, with such particulars as to time, place, and attendant circumstances as will apprise him of the nature of the charge he is to meet, signed by the public prosecutor. When the indictment is found, or the information is filed, a warrant is issued for the arrest of the accused to be brought before the court, unless he is at the time in custody, in which case an order for that purpose is made, to the end, in

either case, that he may be arraigned and plead to the indictment or information. When he is brought before the court, objections to the validity or form of the indictment or information, if made, are considered, or issue is joined upon the accusation. When issue is thus joined, the court must proceed to trial by a jury, except in case of the accused's confession. It cannot then proceed to determine the issue in any other way. When the jury have rendered their verdict, the court has to pronounce the proper judgment upon such verdict — and the law, in prescribing the punishment, either as to the extent, or the mode, or the place of it, should be followed. If the court is authorized to impose imprisonment, and it exceeds the time prescribed by law, the judgment is void for the excess. If the law prescribes a place of imprisonment, the court cannot direct a different place not authorized; it cannot direct imprisonment in a penitentiary when the law assigns that institution for imprisonment under judgments of a different character. If the case be a capital one, and the punishment be death, it must be inflicted in the form prescribed by law. Although life is to be extinguished, it cannot be by any other mode. The proposition put forward by counsel that if the court has authority to inflict the punishment prescribed, its action is not void, though it pursues any form or mode which may commend itself to its discretion, is certainly not to be tolerated. Imprisonment might be accompanied with inconceivable misery and mental suffering, by its solitary character or other attending circumstances. Death might be inflicted by torture, or by starvation, or by drawing and quartering. All these modes, or any of them, would be permissible, if the doctrine asserted by him can be maintained.

A question of some difficulty arises, which has been disposed of in different ways, and that is as to the validity of a judgment which exceeds in its extent the duration of time prescribed by law. With many courts and judges — perhaps with the majority — such judgment is considered valid to the extent to which the law allowed it to be entered, and only void for the excess. Following out this argument, it is further claimed that, therefore, the writ of *habeas corpus* cannot be

invoked for the relief of a party until the time has expired to which the judgment should have been limited. But that question is only of speculative interest here, for there is here no question of excess of punishment. The prisoner is ordered to be confined in the penitentiary, where the law does not allow the court to send him for a single hour. To deny the writ of *habeas corpus* in such a case is a virtual suspension of it; and it should be constantly borne in mind that the writ was intended as a protection of the citizen from encroachment upon his liberty from any source — equally as well from the unauthorized acts of courts and judges as the unauthorized acts of individuals.

The law of our country takes care, or should take care, that not the weight of a judge's finger shall fall upon any one except as specifically authorized. A rigid adherence to this doctrine will give far greater security and safety to the citizen than permitting the exercise of an unlimited discretion on the part of the courts in the imposition of punishments as to their extent, or as to the mode or place of their execution, leaving the injured party, in case of error, to the slow remedy of an appeal from the erroneous judgment or order, which, in most cases, would be unavailing to give relief. In the case before us, had an appeal been taken from the judgment of the United States court of the Indian Territory, it would hardly have reached a determination before the period of the sentence would have expired, and the wrong caused by the imprisonment in the penitentiary have been inflicted.

Much complaint is made that persons are often discharged from arrest and imprisonment when their conviction, upon which such imprisonment was ordered, is perfectly correct, the excess of jurisdiction on the part of the court being in enlarging the punishment or in enforcing it in a different mode or place than that provided by the law. But in such cases there need not be any failure of justice; for, where the conviction is correct and the error or excess of jurisdiction has been as stated, there does not seem to be any good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence in order that its defect may be cor-

rected. The judges of all courts of record are magistrates, and their object should be not to turn loose upon society persons who have been justly convicted of criminal offences, but, where the punishment imposed, in the mode, extent, or place of its execution, has exceeded the law, to have it corrected by calling the attention of the court to such excess. We do not perceive any departure from principle or any denial of the petitioner's right in adopting such a course. He complains of the unlawfulness of his place of imprisonment. He is only entitled to relief from that unlawful feature, and that he would obtain if opportunity be given to that court for correction in that particular. It is true where there are also errors on the trial of the case affecting the judgment, not trenching upon its jurisdiction, the mere remanding the prisoner to the original court that imposed the sentence, to correct the judgment in those particulars for which the writ is issued, would not answer, for his relief would only come upon a new trial; and his remedy for such errors must be sought by appeal or writ of error. But in a vast majority of cases the extent and mode and place of punishment may be corrected by the original court without a new trial, and the party punished as he should be whilst relieved from any excess committed by the court of which he complains. In such case the original court would only set aside what it had no authority to do and substitute directions required by the law to be done upon the conviction of the offender.

Some of the state courts have expressed themselves strongly in favor of the adoption of this course, where the defects complained of consist only in the judgment, — in its extent or mode, or place of punishment, — the conviction being in all respects regular. In *Beale* v. *Commonwealth*, 25 Penn. St. 11, 22, the Supreme Court of Pennsylvania said: "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established."

It is true that this language was used in a case pending in the Supreme Court of a State on writ of error, but if then the court would send the case back to have the error, not touching the verdict, corrected and justice enforced, there is the same reason why such correction should be made when the prisoner is discharged on *habeas corpus* for alleged defects of jurisdiction in the rendition of the judgment under which he is held. The end sought by him — to be relieved from the defects in the judgment rendered to his injury — is secured, and at the same time the community is not made to suffer by a failure in the enforcement of justice against him.

The court is invested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on *habeas corpus*. Section 761 of the Revised Statutes on this subject provides that: "The court, or justice, or judge shall proceed in a summary way to determine the facts of the case by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." It would seem that in the interest of justice and to prevent its defeat, this court might well delay the discharge of the petitioner for such reasonable time as may be necessary to have him taken before the court where the judgment was rendered, that the defects for want of jurisdiction which are the subject of complaint in that judgment may be corrected. *Medley, Petitioner,* 134 U. S. 160, 174.

In the case of *Coleman* v. *Tennessee,* 97 U. S. 509, a party, who had been convicted of a capital offence, and the judgment had been confirmed by the Supreme Court of that State, was discharged by judgment of this court because it was held that the state court had no jurisdiction to try a soldier of the army of the United States for a military offence committed by him whilst in the military service and subject to the articles of war. But as it appeared that the prisoner had been tried by a court-martial regularly convened in the army for the same offence and sentenced to be shot, and had afterwards escaped, this court, in reversing the judgment of the Supreme Court of Tennessee, stated that that court could turn the prisoner over to the military authorities of the United States. He was so turned

over, and the punishment was commuted to life imprisonment, and he was sent to Fort Leavenworth to serve it out.

In some cases, it is true, that no correction can be made of the judgment, as where the court had under the law no jurisdiction of the case — that is, no right to take cognizance of the offence alleged, and the prisoner must then be entirely discharged; but those cases will be rare, and much of the complaint that is made for discharging on *habeas corpus* persons who have been duly convicted will be thus removed.

*Ordered, that the writ of habeas corpus issue, and that the petitioner be discharged from the custody of the warden of the penitentiary at Anamosa in the State of Iowa; but without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with law upon the verdict against him.*