## PRISONER COMMITTED ON A DEFECTIVE MITTIMUS.

Common Pleas Court of Licking County.

IN RE APPLICATION OF WILLIAM A. OSBORNE FOR A WRIT OF HABEAS CORPUS.

Decided, April Term, 1918.

*Habeas Corpus—Does Not Lie for Release of a Prisoner—Committed on a Defective Mittimus.*

On application for release of a prisoner by habeas corpus, on the single ground that the mittimus issued by the mayor who committed him was not properly filled out, a writ will be denied and opportunity given to said mayor to amend his mittimus.

*L. C. Russell,* for applicant.
*James M. Schaller,* Assistant Attorney-General, contra.

FULTON, J. (orally).

William A. Osborne was tried and convicted for illegally trafficking in intoxicating liquors by the mayor of Hebron. He was fined $100 and $30 costs, and was ordered to stand committed until the fine and costs were paid, or secured to be paid, or he was otherwise discharged by law. Error was prosecuted to this court from the action of the mayor, and the court affirmed the judgment. The applicant, Osborne, was committed to jail, having failed to comply with the order of the court and pay one hundred dollars and the costs. A writ of habeas corpus has been filed, seeking to liberate him from the jail for one reason alone. That is because the writ, or mittimus, which was issued by the mayor to the sheriff was not properly filled out.

"Section 12165. If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; 'or, if the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

It has been decided in this state that where there is no question of jurisdiction concerned, or any other question except some formality in reference to the writ, that is held by the officer, that habeas corpus will not lie. In the 78th Ohio State, page 24, there is a case which is considerably like this:

"1. S was tried and convicted by the mayor of an incorporated village, who had jurisdiction over the offense, for violating Section 7033-1, Revised Statutes, which prohibits the business of barbering on Sunday. He was sentenced to pay a fine of fifteen dollars and the costs of prosecution, and upon his refusal to pay the same, the mayor issued to the marshal of said village a mittimus, therein commanding that the prisoner be committed to the county jail until said fine and costs be paid, without including the words, 'or secured to be paid,' as provided in Section 1536-793, Revised Statutes. Thereupon S applied to a judge of the court of common pleas of the proper county for a writ of habeas corpus, and one was issued. As the authority for holding S the said mittimus was submitted to the judge, who, being of opinion that the mittimus was defective because of the absence of said words, on application for that purpose, gave leave to the mayor to amend the writ so as to include said omitted words. The amendment was made accordingly, whereupon the petition for the writ of habeas corpus was dismissed. *Held*: It was not error to permit the amendment."

Now in commenting upon the case the Supreme Court uses this language:

"In this case, after the writ had been allowed, as we assume from the record, either by amendment of the first mittimus or by a new mittimus, it appeared that the mayor's order was within the law pertaining to his jurisdiction. The prisoner could secure the payment of the fine and costs if not able or willing to pay.

In such case we think the prisoner should not be discharged, for it is not the policy of our law to sanction the discharge of prisoners on defects in the proceeding which occur after sentence, and in an effort to carry it into execution. The amendment, or the new mittimus, as the case may have been, violated no fundamental right of the prisoner, but tended to afford a legitimate means of vindicating the law, which he was found to have violated. The punishment of the guilty rather than their escape, seems to be the purpose of all penal statutes. See *In re Bonner*, 151 U. S., 242; *Ex parte Van Hagan*, 25 Ohio St., 426.

"In several cases this court has set aside an excessive sentence and remanded the case to the trial court for re-sentence, and a judge in habeas corpus proceedings, where a valid judgment exists, may allow correction of the process issued thereon. We find no error on this branch of the case."

There is another case in the 91st Ohio St., page 315. I will read the syllabi:

"1. Where there is re-enacted in an amendatory act provisions of the original statute in the same or substantially the same language and the original statute is repealed in compliance with Section 16, Article II of the Constitution, such provisions will not be considered as repealed and again re-enacted, but will be regarded as having been continuous and undisturbed by the amendatory act.

"2. The provision of Section 12672, General Code, as amended April 21, 1910, that where a person has been convicted of a second offense he shall be imprisoned in the penitentiary is not *ex post facto* or retroactive when applied to a case where the second offense was committed after the enactment of the provision for the punishment of the second offense although the first offense was committed prior to the enactment of such provision.

"3. Where a person who is convicted of a crime under a statute prescribing punishment by imprisonment in the penitentiary for a definite number of years is given an indeterminate sentence the question of the validity of the statute authorizing such indeterminate sentence can not be raised in a proceeding in habeas corpus."

The writ will be denied, and the mayor of Hebron will be given an opportunity to amend his mittimus.