**BUHLER v. HILL, Warden.**

No. 49.

District Court, M. D. Pennsylvania.

Sept. 8, 1934.

Walter H. Compton, of Harrisburg, Pa., for relator.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

Relator pleaded guilty to three counts of an indictment and was sentenced on May 7, 1934, to confinement in the United States Northeastern Penitentiary for a term of one year on count 1, six months on count 2 to run consecutively, and sentence was suspended and defendant placed on probation for two years on count 3. Admission of the relator to the penitentiary was refused because the sentence was not greater than one year, whereupon he was placed in a jail. On May 17, 1934, relator, by written application, requested the court to correct the sentence on count 1 to read, "One year and one day," so that he could serve the same in a penitentiary rather than in a county jail, and consented to the correction. On the same day the court amended the original sentence by adding one day to the sentence on count 1. On July 28, 1934, the relator applied for a writ of habeas corpus on the ground that the original sentence on count 1 was vacated by the amendment and that the amended sentence is illegal because the court had no power to increase the original sentence.

The original sentence of May 7, 1934, was void because the court had no authority to impose a penitentiary sentence of one year or less. In re Mills, 135 U. S. 263, 10 S. Ct. 762, 34 L. Ed. 107; In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; Cahill et al. v. Biddle (C. C. A.) 13 F.(2d) 827; Copeland v. Archer (C. C. A.) 50 F.(2d) 836; Greenstein v. Crawford (D. C.) 5 F. Supp. 631. Likewise the amended six months' penitentiary sentence on count 2 is void for the same reason.

Counsel have not produced an adjudicated case to show that the court has the power to increase a sentence imposed upon a defendant in a criminal case after he has entered upon service of his sentence. In United States v. Benz, 282 U. S. 304, 51 S. Ct. 113, 114, 75 L. Ed. 354, it was held that the Federal District Court has power during the same term of court to amend the sentence by shortening the term of imprisonment, although the defendant has entered upon service of the sentence. In that case Mr. Justice Sutherland said: "In the present case the power of the court was exercised to mitigate the punishment, not to increase it, and is thus brought within the limitation. Wharton, in Criminal Pl. and Pr. (9th Ed.) § 913, says: 'As a general practice, the sentence, when imposed by a court of record, is within the power of the court during the session in which it is entered, and may be amended at any time during such session, provided a punishment already partly suffered be not increased.'"

In the present case the sentence was increased by one day and the defendant was imprisoned in a penitentiary in place of the county jail where he had been incarcerated. Thus the punishment was increased by one day and was made more ignominious. The latter fact was recognized by Munger, District Judge, in Cahill et al. v. Biddle (C. C. A.) 13 F.(2d) 827, 829, where he said: "In popular estimation, imprisonment in a penitentiary has generally been considered a more ignominious punishment than imprisonment in a jail, and this provision of the Criminal Code expresses the same judgment."

It appears, therefore, that the court, even with the consent of the defendant in a criminal case, cannot increase his punishment after he has entered upon the service of his sentence.

■ Despite the fact that the sentences are void, and the relator is entitled to the writ, the interests of the government are not thereby defeated. In the case of In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 326, 38 L. Ed. 149, Mr. Justice Field said:

"Much complaint is made that persons are often discharged from arrest and imprisonment when their conviction, upon which such imprisonment was ordered, is perfectly correct; the excess of jurisdiction on the part of the court being in enlarging the punishment, or in enforcing it in a different mode or place than that provided by the law. * * *

"He (the prisoner) is only entitled to relief from the unlawful feature, and that he would obtain if opportunity be given to that court for correction in that particular. * * * In a vast majority of cases the extent and mode and place of punishment may be corrected by the original court without a new trial, and the party punished as he should be, while relieved from any excess committed by the court, of which he complains. In such case the original court would only set aside what it had no authority to do, and substitute directions required by the law to be done upon the conviction of the offender."

See, also, In re Graves (D. C.) 117 F. 798.

In Bryant v. U. S. (C. C. A.) 214 F. 51, 53, the court held that the resentencing of a prisoner, who has obtained his discharge on habeas corpus on the ground that his first sentence was illegal, is not subject to the objection that the defendant is put twice in jeopardy for the said offence. The court said: "The principle of such cases is that a sentence that has been vacated by the action of a prisoner cannot then be put up by him as an obstacle to the further administration of justice; and we think it immaterial that his attack was collateral, as by habeas corpus, instead of direct, by appeal or writ of error. Here he was the actor, and the result left his conviction unimpaired."

And now, September 8, 1934, it is ordered that the relator be discharged from the custody of the warden of the United States Northeastern Penitentiary, but without prejudice to the right of the United States to take any lawful measures to have the petitioner sentenced in accordance with the law. It is further ordered that the said Warden notify the United States attorney of the day and hour when he will discharge the said relator from imprisonment, and that such notice be given a reasonable time before the release of the prisoner.