### ROBERTS v. UNITED STATES.
#### No. 11073.

Circuit Court of Appeals, Fifth Circuit. ·

March 29, 1945.

Rehearing Denied April 18, 1945.

Writ of Certiorari Denied June 18, 1945.

See 65 S.Ct. 1574.

G. Ernest Jones and Roderick Beddow, both of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., and Robert W. Gwin, Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On the 26th day of April 1938, in the District Court of the United States at Huntsville, Alabama, Frank Roberts entered a plea of guilty to the offense of "Theft from interstate shipment of freight. * * *" The court thereupon sentenced the defendant to serve two years in a Federal penitentiary and to pay a fine of $250. This sentence was suspended and the defendant was placed on probation for a period of five years, conditioned upon his paying the fine and refraining from violating the laws during the ·period of his probation.

On June 19, 1942, and after a hearing, it was ascertained by the court that defendant had violated the conditions of his probation. Eleven cases of beer were found in the back room of his store where men congregated to drink. His probation was revoked and he was sentenced to imprisonment for a term of three years. On an-

peal to this court that sentence was affirmed. 131 F.2d 392. On appeal to the Supreme Court, and where the only issue involved was the sentence of three years which was in excess of the original sentence of two years, the Supreme Court reversed the affirmance with the direction that, "All we now hold is that having exercised its discretion by sentencing an offender to a definite term of imprisonment in advance of probation, a court may not later upon revocation of probation set aside that sentence, and increase the term of imprisonment." Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 117, 88 L.Ed. 41.

Upon the remand the trial court resentenced Frank Roberts and fixed the term of his imprisonment at two years.

The only question now before us on this appeal is the contention of defendant that he should have been granted a hearing de novo as to his good behavior. It is without dispute that a full and fair hearing was held at the time the defendant was given the sentence of three years; that it was then and there found that defendant had violated the laws and had entered a plea of guilty and paid a fine for having in his possession in a dry territory and in his place of business many cases of prohibitive malt liquors. On appeal no complaint was made that a full and fair hearing was denied him or that the court failed to apprise him of the fact that he had violated the terms of his probation. United States v. Moore, 2 Cir., 101 F.2d 56.

It was not incumbent upon the court to again grant a hearing and go into the question of the good conduct of the defendant. Moreover, if the court failed to grant such hearing as defendant desired, he should have complained at the time his probation was first revoked. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266.

The reversal of a judgment in a criminal case for error in imposing an excessive sentence does not entitle the defendant to a discharge, but the cause will be remanded, with directions to enter the appropriate judgment. Mitchell v. United States, 9 Cir., 196 F. 874; United States ex rel. Poch v. Hill, 3 Cir., 71 F.2d 906; Phillips v. Biddle, 8 Cir., 15 F.2d 40, amended 8 Cir., 18 F.2d 582; Hughes v. United States, 6 Cir., 114 F.2d 285; In re Bonner, 151 U.S. 242, 249, 14 S.Ct. 323, 38 L.Ed. 149.

We are of opinion and so hold that the trial court in the resentence of the defendant complied with the mandate of our court of last resort and therefore, committed no reversible error.

Affirmed.