JOHNS–MANVILLE CORPORATION
and Johns–Manville Sales
Corporation, Plaintiffs–Appellants,

v.

The UNITED STATES,
Defendant–Appellee.

No. 88–1004.

United States Court of Appeals,
Federal Circuit.

Aug. 25, 1988.

Harvey G. Sherzer, Howrey & Simon, Washington, D.C., argued for plaintiffs-appellants. With him on the brief were Robert M. Bruskin, Lewis M. Barr, James F. Worrall, Charles H. Samel & Patricia A. Ewing. Also on the brief were Robert D. Batson, Nancy E. Stead and Richard E. Meunier, Manville Corp., of Littleton, Colo., of counsel.

H. Michael Semler, Sr. Trial Counsel, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen. Civ. Div., J. Patrick Glynn, Director Torts Branch, Harold J. Engel, Deputy Director Torts Branch, J. Charles Kruse, Special Litigation Counsel, Scott D. Austin, Janet F. Katz, Jane Mahoney and S. Michael Scadron, Trial Attys. Torts Branch.

Joe G. Hollingsworth, Spriggs, Bode & Hollingsworth, Washington, D.C., counsel for amicus curiae Eagle–Picher Industries, Inc., UNR Industries, Inc., and UNARCO Industries, Inc. With him on the brief were William J. Spriggs and Paul G. Gaston. Paul A. Zevnik, Kaye, Scholer, Fierman, Hays & Handler, of Washington, D.C., represented the amicus curiae GAF Corp. With him on the brief were David O. Bickart and Andrew Cohen. Also on the brief were Max Gitter and Stuart M. Cobert, Paul, Weiss, Rifkind, Wharton & Garrison, of New York City, of counsel.

Before MARKEY, Chief Judge,
RICH and ARCHER, Circuit Judges,
NICHOLS and BENNETT, Senior
Circuit Judges.

PER CURIAM.

This is an appeal from a decision on the merits by the United States Claims Court entered August 6, 1987, and reported as *Johns–Manville Corp. v. United States*, 13 Cl.Ct. 72 (1987). The Claims Court held Johns–Manville failed to establish an entitlement to recovery on any of the theories of liability tried. We vacate and do not reach the merits.

BACKGROUND

During World War II (WWII) Johns–Manville sold asbestos-containing products to the United States for use in naval and maritime transport ships. Due to the heat resistant and fire retardant properties of asbestos it was used in insulating ships' boilers, steam pipes, pumps, and other equipment. Asbestos is now known to cause at least three major diseases: (1) asbestosis (inflammation of the lungs), (2) pulmonary and bronchogenic carcinoma (lung cancer), and (3) mesothelioma (cancer of the lining of the lung or abdominal cavi-

ty). Of these diseases at least the cause of asbestosis was known before WWII. Thousands of shipyard workers were exposed to asbestos and many brought suit against Johns–Manville for injuries and deaths caused by this exposure. As of September 30, 1986, there were 18,030 pending suits by shipyard workers against Johns–Manville. This is only the tip of the iceberg since there were 4.5 million WWII shipyard workers who could potentially have claims.

Johns–Manville brought suit against the government for indemnification of settlements and judgments resulting from 57 third-party personal injury claims or injury claims or suits which were closed prior to Johns–Manville's filing of this suit. Johns–Manville also sought damages for 327 third-party claims or suits which were not closed when Johns–Manville filed suit. The damages requested in the complaint for the closed claims were $768,361.09 for settlements and judgments and $185,741.55 for attorneys' fees, costs, and expenses in defending the claims. The damages sought for unclosed claims were unspecified.

The case in the instant appeal is a test case based on four test shipyards and 15 test claimants (shipyard workers), five of whom were exposed to asbestos in shipyards after the war. Johns–Manville sought recovery on four separate legal theories: (1) the United States breached an implied warranty of specifications that the design of the asbestos products was safe; (2) the United States breached a duty to disclose superior knowledge of the shipyard working conditions; (3) the third-party damages were foreseeable; and (4) the trial court should apportion losses between the parties under the doctrine of mutual mis-

take. Those issues were tried for six weeks and reported in an exhaustive published opinion of 93 pages. The trial court found for the government and dismissed the complaint. The government's 33–billion–dollar counterclaim was also dismissed.

Johns–Manville also sought damages for increased insurance and business costs and for loss of business and business reputation. These claims were not tried.

## OPINION

A threshold question in reviewing the trial court's decision is whether the trial court properly had jurisdiction over the claims in issue. In *Johns–Manville Corp. v. United States*, 855 F.2d 1556 (Fed.Cir. 1988), decided concurrently with the instant case, this court reviewed on interlocutory appeal an order of the Claims Court dismissing its case No. 465–83C.* In that decision we affirmed the trial court and held that since *Johns–Manville Sales Corp. v. United States*, No. C81 4651 (N.D. Cal. filed Dec. 7, 1981), contained pending claims for or in respect to the claims filed in the instant case the Claims Court was without jurisdiction under 28 U.S.C. § 1500 (1982). Accordingly, since the Claims Court was without jurisdiction to decide the substantive issues, its decision is void and must be vacated. *See, e.g., In re Bonner*, 151 U.S. 242, 257, 14 S.Ct. 323, 325–26, 38 L.Ed. 149 (1893); *Sacilor, Acieries et Laminoirs de Lorraine v. United States*, 815 F.2d 1488 (Fed.Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 285, 98 L.Ed.2d 245 (1987) (vacating and remanding for dismissal an order from the Court of International Trade on the ground that court lacked jurisdiction since the plaintiff lacked stand-

---

* In addition to dismissing No. 465–83C, the Claims Court order also dismissed case Nos. 688–83C and 1–84C. Only the first case, however, was tried and is before us in the instant appeal. When granting Johns–Manville's petition for permission to appeal the trial court's April 6, 1988 order of dismissal, the court granted its request to stay that order pending resolution of the interlocutory appeal and to stay the briefing schedule of the interlocutory appeal in this court pending completion of the trial in the Claims Court. The purpose of this was to avoid

requiring Johns–Manville to simultaneously try the Claims Court case and to brief the jurisdictional issue in the interlocutory appeal. That would have resulted since the order of dismissal would only take effect if the prior-filed cases in issue were not dismissed within 60 days and the trial was scheduled to begin within that time. *See Keene Corp. v. United States*, 12 Cl.Ct. 197, 212, 216 (1987), *aff'd sub nom., Johns–Manville Corp. v. United States*, 855 F.2d 1556 (Fed.Cir. 1988).

ing or, alternatively, his claims were moot); *Kelley v. Secretary of Labor*, 812 F.2d 1378 (Fed.Cir.1987) (vacating and remanding for dismissal a decision of the Court of International Trade on the ground it lacked jurisdiction since the plaintiff failed to commence action within the required time limit); *Albert v. Kevex Corp.*, 729 F.2d 757 (Fed. Cir.1984) (vacating and remanding, in part, for dismissal of a grant of summary judgment by a district court on the ground the district court lacked jurisdiction since the plaintiff failed to establish a patent interference existed as required for subject matter jurisdiction under 35 U.S.C. § 291).

## CONCLUSION

In accordance with our decision in *Johns-Manville Corp. v. United States*, 855 F.2d 1556 (Fed.Cir.1988), the United States Claims Court had no jurisdiction to decide the claims brought by Johns–Manville against the United States. The trial court's decision is therefore vacated and this appeal on the merits is mooted.

VACATED.

NICHOLS, Senior Circuit Judge, dissenting.

I dissent for the reasons stated in my dissent filed in 855 F.2d 1556, 1568.