# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-60410
Conference Calendar

FREDERICK HAMILTON BANKS

Petitioner-Appellant

v.

CONSTANCE REESE, Warden, Yazoo City Federal Correctional Institute

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:07-CV-34

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frederick Hamilton Banks, federal prisoner # 05711-068, appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2241 petition. In the district court, Banks contended that he was placed in a Special Housing Unit at the Butner low-security facility in North Carolina and was transferred to the prison in Yazoo City, Mississippi, in retaliation for exercise of his religious and speech rights under the First Amendment and in violation of his due process rights under the Fifth Amendment. On appeal, Banks contends that because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is asserting that he is incarcerated in the wrong prison, § 2241 was the proper vehicle for raising this challenge.

Although Banks contends that In re Bonner, 151 U.S. 242 (1894), provides him with the authority to challenge his facility of incarceration under § 2241, his assertion is unavailing. At the time Bonner was decided, there was no Bureau of Prisons (BOP) for incarcerating federal prisoners, and federal law did not authorize the district court to sentence defendants such as Bonner to a state penitentiary when the criminal offense provided for a maximum imprisonment of not more than one year. By contrast, at the time Banks was sentenced, the BOP existed as an entity to take custody of federal prisoners. Bonner is, thus, inapposite. Banks has not established that his challenge to the BOP facility in which he is incarcerated, essentially a challenge to the conditions of his confinement, is properly raised under § 2241. See Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); Pierre v. United States, 525 F.2d 933, 935-36 (5th Cir. 1976). The judgment of the district court is AFFIRMED.