**ARMSTRONG v. UNITED STATES.**

No. 12739.

United States Court of Appeals Ninth Circuit.

March 23, 1951.

As Amended April 26, 1951.

Cecil Armstrong, in propria persona, for appellant.

Frank J. Hennessy, U. S. Atty., R. H. Colvin and Macklin Fleming, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and HASTIE, Circuit Judges.

ORR, Circuit Judge.

In the year 1949 appellant entered a plea of guilty to four counts of an indictment. Each count charged that appellant "did steal, take and abstract from and out of an authorized depository for mail matter, to-wit, (a certain) house letter box * * * a (certain) letter * * *." The charges were brought under Sec. 1708, 18 U.S.C.A.

The trial court sentenced appellant to serve five years on the first count and three years on the remaining three counts. The three year terms were to run concurrently and to commence at the expiration of the five year term.

On September 26, 1950 appellant petitioned the trial court to correct the sentences on the ground that the penalty imposed was in excess of that provided by law. The petition was denied. The specific contention of appellant is: That the indictment does not allege, nor does it otherwise appear, that any of the letters alleged to have been taken from the letter boxes was of a value of more than $100, hence, the maximum penalty which could have been lawfully imposed under each count was not more than a fine of $1,000 or imprisonment for not more than one year or both. Sec. 1708, 18 U.S.C.A., under which the indictment was drawn, reads:

"§ 1708. Theft or receipt of stolen mail matter generally.

"Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or

"Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or

"Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled. or abstracted—

"Shall be fined not more than $2,000 or imprisoned not more than five years, or both; but if the value or face value of any such article or thing does not exceed $100, he shall be fined not more than $1,000 or

imprisoned not more than one year, or both."

It is the contention of the Government that the application of the lesser punishment provided by Sec. 1708 is limited to theft *from* the mail as distinguished from theft *of* the mail, and that the phrase "article or thing", as used in the proviso contained in Sec. 1708, has no application to mail, letters, etc., named in said section. Which is to say that only in the event possession of mail matter is obtained in a manner otherwise than that prohibited by Sec. 1708, and the contents of such mail unlawfully then removed, can the lesser penalty be imposed.

Prior to the 1948 revision of the Criminal Code, the maximum penalty for violation of any provisions of the then controlling Sec. 317 was five years. In commenting on the proviso added to Sec. 1708 in 1948, the reviser said: "The smaller penalty for an offense involving $100 or less was added. (See sections 641 and 645 of this title.)" This notation, which accompanied the proposed revision submitted to Congress for approval, does not suggest that the penalty was to be reduced only for certain types of offenses. The general language of the notation, together with the reference to a comparably ambiguous provision of Sec. 641, indicates application of the proviso to all prohibitory sections of the statute. The distinction sought to be drawn by the Government is not supported by the statutory language. It would have been a simple matter for the reviser, or Congress, to have made clear, had such been the intent, that stealing "an article or thing" from an item of mail, leaving the item of mail otherwise intact, is to be regarded as a less serious offense than stealing the item of mail itself. A highly technical distinction of this sort, which could easily have been spelled out, cannot be imposed on the general words "any such article or thing" in the concluding proviso of Sec. 1708. Those words must be deemed to include any article or thing previously mentioned in Sec. 1708, whether it is described specifically as a "letter" or generally as "an article or thing."

Argument is made that federal statutes for generations have made theft of mail a serious felony and that the Government's preservation of the integrity of mail has been a cornerstone in the development of our national system of communication and because of the seriousness with which Congress has viewed mail theft and tampering in the past it is hardly reasonable to say that it intended to alter that attitude in the enactment of Sec. 1708. Such an argument, we think, loses its force in the face of an expressed intention to make a change by dividing the crime into felonies and misdemeanors with value as the determining factor.

We note the Government's argument that in a great majority of cases of mail theft it would be impossible to allege or prove the value of a particular letter or other item stolen and thus result in misdemeanor prosecutions rather than felonies. This is a matter for the attention of Congress rather than the courts.

The order denying appellant's petition for correction of sentence is reversed and the cause remanded to the District Court with directions to modify the sentence heretofore imposed on defendant by substituting not over one year in the place of five years on the first count, and not over one year in the place of three years on each of the remaining counts.