**TINDER v. UNITED STATES.**

No. 6354.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 12, 1951.

Decided Dec. 28, 1951.

Roy Webber Tinder, Jr., pro se.

Justinus Gould, Atty., Department of Justice, Washington, D. C. (James M. McInerney, Asst. Atty. Gen., George R. Humrickhouse, U. S. Atty., Richmond, Va., and Golden N. Dagger, Atty., Department of Justice, Washington, D. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and CHESNUT, District Judge.

CHESNUT, District Judge.

The appellant in this case, Roy Webber Tinder, Jr., was indicted in the Eastern District of Virginia July 10, 1950 in six counts for the theft of six separate letters from the box or mail receptacles of six different persons on six separate dates on and between March 1, 1950 and May 3, 1950. The indictment was based on 18 U.S.C.A. § 1708. On September 13, 1950, represented by counsel, he pleaded guilty to the whole indictment and was sentenced by District

Judge Ben Moore to imprisonment for "three years on each count of the indictment, said sentences to run concurrently, unless sooner released by operation of law". On or about August 3, 1951 the defendant filed a motion under 28 U.S.C.A. § 2255 to vacate or correct the sentence. This motion was denied on October 4, 1951 by District Judge Bryan who filed a memorandum opinion upholding the legality of the sentence, and an order overruling the motion, from which this appeal has been taken.

Appellant's contention then and now is that the sentence imposed upon him was illegal and excessive because the indictment did not allege in any of the six counts that the stolen letters were of a value more than $100 and therefore the maximum punishment under any count was not more than a fine of $1,000 and imprisonment of not more than one year, and that, as the sentences on all six counts were made to run concurrently, and as he has now been in prison for more than a year, he is entitled to be released from further imprisonment.

The question presented requires us to determine the proper construction and application of section 1708 and particularly the fourth paragraph thereof which imposes the punishment for violations. The whole of the statute reads as follows. (We have italicized the phrases in all four paragraphs which we think sharply present the matter to be determined.)

"1708. Theft or receipt of stolen mail matter generally

"*Whoever* steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or *abstracts or removes from any* such letter, package, bag, or *mail, any article or thing contained therein,* or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, *or any article or thing contained therein;* or

"*Whoever* steals, takes, *or abstracts,* or by fraud or deception obtains any letter, postal card, package, bag, or mail, *or any article or thing contained therein* which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or

"*Whoever* buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, *or any article or thing contained therein,* which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

"Shall be fined not more than $2,000 or imprisoned not more than five years, or both; but if the value or face value of *any such article or thing* does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both".

It will be noted that the precise question is whether the phrase "any article or thing" as used in the first, second and third paragraphs and the phrase "any such article or thing" in the fourth paragraph properly includes letters which have been stolen from letter boxes or mail receptacles. Or, otherwise stated, is the theft of letters from the mail still to be classed as a felony or only as a misdemeanor unless it is alleged and proved that the letter had a "value or face value" in excess of $100. Under the revised federal criminal code, 18 U.S.C.A. 1948 Ed., the distinction between felonies and misdemeanors is still dependent upon the amount of the maximum punishment authorized by the statute for each particular crime. If the maximum imprisonment exceeds a year the offense is a felony; if not, a misdemeanor. 18 U.S.C.A. § 1. It is the contention of the appellant that by the fourth paragraph of section 1708 the grade of the offense of theft of letters from the mail has been reduced to a misdemeanor in every case unless it is alleged and proved that the value of the letters stolen was more than $100. The Government denies the correctness of this contention and after careful consideration of the question we have concluded that the Government's contention is correct and that of the appellant is unsound.

The appellant's precisely stated contention is that the phrase "any such article or thing" in the fourth paragraph of section 1708 includes the word "letter" contained in the first paragraph and necessarily also in the second and third paragraphs. We do not think this was the intention of Congress in enacting the wording of the section, by the revision of 1948. The history of the statute is both pertinent and persuasive, but before adverting to it, we will first consider the wording of the section as presently expressed. An analysis of the first three paragraphs of the section will show that the wording consists principally of (1) acts prohibited and (2) subjects affected thereby. It will be noted that the acts are differently stated in each of the first three paragraphs and include (a) steal, take or abstract, (b) abstract or remove from letters, packages, box or mail, (c) secrete, embezzle or destroy and (d) buy, receive, conceal or unlawfully have in possession. But the subjects of the prohibited acts are uniformly described in each of the three paragraphs as a letter, postal card, package, bag or mail or *any article or thing contained therein.* The fourth paragraph specifies the penalty for any violation of any of the first three paragraphs with the proviso "but if the value or face value of any *such* article or thing does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both". As a mere grammatical matter it is apparent that the article or thing so referred to in the proviso is that article or thing which is referred to in the first three paragraphs; and it will be noted that such article or thing has been described as "any article or thing" *contained* in a letter, etc. There is thus grammatically a clear distinction made by the statute between a letter and the removal of an article or thing from the letter. A letter is, of course, a medium for communicating ideas or thoughts and is in itself intrinsically not a thing of a tangible nature; while the ordinary conception of an article or thing is of something that is tangible and susceptible of valuation.

Again, the proviso in the fourth paragraph is coupled with the condition that the article or thing has a value or face value not exceeding $100. The word "value" obviously refers to market, actual or computable value of a tangible thing, and the words "face value" were doubtless inserted to comprehend securities such as promissory notes, bonds or other documents which on their face purport to carry obligations of a stated monetary amount. We think, therefore, that grammatically considered the section makes a clear distinction between letters and articles or things which have been contained in letters and have been removed therefrom with or without the theft or destruction of the letter as the container. And it will have been noted that in the proviso of the 4th paragraph as to the limited maximum punishment the description of the article or thing is "any *such* article or thing". The reference here is to the same article or thing which has been described in the first, second and third paragraphs and we think clearly means a tangible thing in contrast with a letter which intrinsically has no assignable value or face value.

This construction of the language of section 1708 as it now exists is fortified by the history of the statute. The earliest statute which we have noted providing penalties for theft or robbery of the mail is section 19 of chapter 37 of the Acts of 1810, 2 Stat. 598. It prohibited and punished theft or pilfering or tampering with the mail in much the same language found in the present section 1708; and distinguished between the theft of letters containing "any article of value, or evidence of any debt, due, demand, right, or claim, or any release, receipt, acquittance or discharge" and letters not "containing any article of value or evidence thereof". The maximum punishment for the former offense was 7 years and for the latter a fine of $500. The next Act upon the subject, section 22 of chapter 64 of the Acts of 1825, 4 Stat. 109, is in very similar language but it increased the penalty for theft of letters containing "any article of value" to not less than 2 nor exceeding 10 years, and also increased the penalty for taking a letter not containing an article of value to a fine not exceeding $500 and imprisonment not exceeding 12

months. The next Act is section 281 of chapter 335 of the Acts of 1872, 17 Stat. 318, which made a distinction between the theft of a letter itself and the theft or opening or destroying of a letter containing notes, bonds, drafts, checks and similar writings or pecuniary obligations or securities, and made the penalty for both on conviction imprisonment at hard labor for not less than one nor more than 5 years.

Without much significant change in phraseology the statute was reenacted from time to time as it appears in the Revised Statutes, Rev.Stat. § 5469, and in chapter 321, sec. 194 of the Acts of 1909, 35 Stat. 1125, until it became section 317 of title 18, 1940 edition, by the phraseology of which distinction is again made between the theft of a letter and of "any article or thing contained therein". And without distinction as to amount or value the maximum penalty was a fine of not more than $2,000 or imprisonment of not more than 5 years or both. Section 317 of title 18, 1940 edition, was by the revision of 1948 carried into section 1708 with commendable condensation and simplification of phraseology but apparently without intended substantial change in effect, except for the addition of the proviso in paragraph 4 of the section which reduces the maximum penalty in case the article or thing taken does not exceed $100 in value.

In the Reviser's notes to section 1708, see 18 U.S.C.Cong.Serv. p. 2576, it is said, referring to the proviso in the 4th paragraph, as follows: "The smaller penalty for an offense involving $100 or less was added (see sections 641 and 645 of this title)". Section 641 punishes the theft or embezzlement of public money, property or records and provides therefor as a maximum penalty a fine of not more than $10,000 or imprisonment of not more than 10 years, or both, but with the proviso reading: "but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both". Section 645 punishes embezzlement by court officers of money coming into their hands officially and makes the penalty a fine and imprisonment of not more than 10 years, or both; but again with the proviso reading: "but if the amount embezzled does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both". Again sections 646–654, 656–659 and 662 contain similar provisos limiting the maximum punishment in cases of pecuniary value to a fine of not more than $1,000 or imprisonment for not more than one year, or both. See also the statement of William W. Barron, Chief Reviser, with respect to changes in punishment made in the revision of 1948, found in 18 U.S.C.Cong.Serv. p. 2667.

From this historical review of the statute it appears that at least since 1872 a theft of letters from the mail has been regarded as a felony because punishable by a maximum sentence of 5 years; and it also appears that from even earlier statutes down to and including the present time a distinction has been made with respect to the theft of letters intrinsically considered as such, and the theft of articles or a thing of value contained in such a letter in the mail. We also find from the Reviser's notes with respect to the presently worded section 1708 that the proviso in the fourth paragraph limiting the maximum imprisonment to not more than a year was not adopted for any particular or specific reason applicable to section 1708 but in pursuance of a general plan by the Revisers to make uniform and more modern the punishment for theft, embezzlement or wrongful conversion of money or things of pecuniary value of not more than $100. We think it logically follows from this that it was not the intention of Congress to change the classification of theft of letters from the mail from that of a felony, which it had been for many years and through many revisions and reenactments of the statute, into a mere misdemeanor. If the appellant's contention is correct it would practically be impossible to treat the theft of a letter however weighty and important to the sender or receiver as a felony because it would be seemingly impossible to allege and prove that the letter had a value of more than $100. It can hardly be

said that a letter, apart from money, checks or other things of value contained therein and separately considered, has any assignable "value or face value". But on the other hand a moment's reflection will bring to mind the vast and sometimes almost incalculable importance of the ideas, messages and mental expressions contained in some letters, as, for instance, correspondence of government officials in the diplomatic, military or judicial service of the country or business correspondence which by letters create contracts of great importance to the users of the mail, or indeed personal or family letters containing information or messages of joy or grief or otherwise affecting domestic relations. Therefore, while it would be impossible to assign pecuniary value to such letters intrinsically considered, their importance to the sender or receiver may be of much significance, and the unlawful theft of them from the mails might entail very large consequential damages. In view of the great importance of the safe carriage and delivery of the mail in our economic and social life, it seems to us almost inconceivable that it was the intention of Congress in the last revision of section 1708 to reduce the crime of unlawful theft of letters from the mail from the grade of a felony to that of a misdemeanor.

The appellant's principal reliance is placed on the decision of the 9th Circuit in the case of Armstrong v. United States, 187 F.2d 954, which, it must be conceded, does clearly support the contention. We have carefully considered the opinion of that eminent court but find that we are not able to agree with the result reached, for the reasons heretofore given.

We are not unmindful of the rule that criminal statutes must be strictly construed where uncertain or ambiguous, but this does not require that the statute be given the narrowest possible meaning or that the congressional evident intent should be disregarded. United States v. Giles, 300 U.S. 41, 48, 57 S.Ct. 340, 81 L.Ed. 493; Singer v. United States, 323 U.S. 338, 342, 65 S.Ct. 282, 89 L.Ed. 285; Haggar v. Helvering, 308 U.S. 389, 394, 60 S. Ct. 337, 84 L.Ed. 340; United States v. Raynor, 302 U.S. 540, 552, 58 S.Ct. 353, 82 L.Ed. 413.

For these reasons we conclude that the order appealed from must be

Affirmed.