**Louis C. JOHNSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**
**No. 16244.**

United States Court of Appeals
Fifth Circuit.

Feb. 8, 1957.

Louis C. Johnson, in pro. per.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from an order denying appellant's motion filed under Sec. 2255, Title 28 U.S.C., to vacate the judgment and sentence imposed upon him on April 9, 1956, upon Count Two[1] of an information alleging a violation of Sec. 1708, Title 18 U.S.C. This judgment resentenced him on Count Two to the custody of the Attorney General for a period of one year, and ordered "that said sentence shall be consecutive to the sentence theretofore imposed on Count One of the information; that the execution of the sentence as to Count Two be, and the same is hereby suspended for a period of two years; and that the defendant be placed on active probation which shall commence upon expiration of the sentence now being executed with reference to Count One of the information".

---

[1]. This count alleged: On or about the 16th day of May, 1952, at Orange, within the Beaumont Division of the Eastern District of Texas, Louis C. Johnson did then and there unlawfully, feloniously, and fraudulently steal, take, and carry away from a letter box a letter addressed to Leo D. and V. M. Eichelberger, 306 Scott Street, Orange, Texas, without the consent of the said Leo D. Eichelberger and V. M. Eichelberger, and with intent to appropriate and convert said letter to his, the said Louis C. Johnson's own use and benefit, and to deprive the said Leo D. Eichelberger and V. M. Eichelberger of the value thereof, in violation of Title 18, United States Code, Section 1708.

The grounds of the motion to vacate were: (1) that the failure of the count to allege the value of the stolen letter rendered it fatally defective; and (2) that the court was without power to suspend the execution of the sentence and place the defendant on probation.

This is the record:

On April 1, 1954, defendant was charged by an information in four counts in Criminal No. 5028, United States District Court for the Eastern District of Texas, and, having on April 2nd pleaded guilty as charged to Counts One and Two, was on that day sentenced on Count One to five years in the custody of the Attorney General, and on Count Two to two years, Count Two to run consecutively to Count One. The other counts were dismissed.

On April 7, 1956, petitioner filed in the sentencing court a motion to vacate the judgment and sentence on Count Two of the indictment on the ground that the count was invalid and defective in that it failed to state the value of the letter converted, while the penalty provision of the statute on which the count was drawn provided, "* * * shall be fined not more than $2,000 or imprisoned not more than five years, or both, but if the value or face value of any such article or thing does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both".

On April 9, 1956, after a hearing on the motion, the district judge, of the opinion that the information was not defective but that the sentence was excessive and illegal, vacated it and resentenced the defendant as set out in the first paragraph of this opinion.

On June 4, 1956, after the entry of the corrected sentence, the petitioner filed a motion "to vacate the judgment and sentence of April 9, 1956", in which, re-alleging the invalidity of the count, on the ground taken in the original motion, the failure to set forth in it the value of the contents of the letter so taken, he further alleged that the court was without jurisdiction and authority to impose a sentence of probation after vacating the illegal sentence originally imposed on Count Two of the indictment, because under Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 174, 100 L.Ed. 62, "the probationary power ceases with respect to all of the sentences composing a single cumulative sentence immediately upon imprisonment for any part of the cumulative sentence".

For the reasons hereafter briefly stated, we are of the clear opinion that neither ground of the motion is meritorious and that the order appealed from must be affirmed.

■ Of the reasserted contention, that the information was invalid, it is sufficient to say that the district judge, in his order of April 9th, correcting the original sentence by vacating and setting it aside as excessive and illegal and resentencing the defendant to a term within the limitations of the statute as it stood before its amendment, fully recognized and completely corrected the error of the first sentence. This is made entirely clear by the opinion in Tinder v. United States, 345 U.S. 565, 73 S.Ct. 911, 97 L.Ed. 1250. In that case the court, considering and resolving the conflict in the decisions in Armstrong v. United States, 9 Cir., 187 F.2d 954 and Tinder v. United States, 4 Cir., 193 F.2d 720, determined, in accordance with the decision in the Armstrong case, that a sentence of more than one year was invalid and that it should be corrected by vacation and resentence. Cf. Aderhold v. Pace, 5 Cir., 65 F.2d 790, and Pace v. Aderhold, D.C., 2 F.Supp. 261.

On his second contention, that his case comes within Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62, appellant is in no better case for the reason that his contention completely disregards the controlling fact that what was done here was not what was attempted to be done in the Affronti case. There, long after the cumulative sentences had been imposed and imprisonment had already been effected with respect to another sentence, as to which

the sentence involved was cumulative, the trial court attempted to suspend the cumulative sentence and grant probation with respect thereto. Here suspension of the sentence and placing defendant on probation was provided for at the time and as a part of imposing the resentence. It is because of this difference in fact that the difference in law exists here. Having successfully moved to set aside the sentence first imposed and thus made it necessary for the court to resentence him, the appellant cannot complain of the action which his own motion has brought about.

As the Supreme Court said in Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 649, 91 L.Ed. 818:

"This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' In re Bonner, supra, 151 U.S. [242] at page 260, 14 S.Ct. [323] at page 327, 38 L.Ed. 149. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10, [15] 98 F. 2d 291, 296. In this case the court 'only set aside what it had no authority to do, and substitute [d-] directions required by the law to be done upon the conviction of the offender.' In re Bonner, supra, 151 U.S. at page 260, 14 S.Ct. at page 327, 38 L.Ed. 149."

 While that case dealt with double jeopardy, the principle it stands for has equal application here, and it must be held that the original sentence on the second count having been set aside on defendant's motion, the court could resentence him on that count as though the original sentence had not been entered.

Finally, if, as claimed by appellant, the part of the judgment appealed from, suspending the sentence and placing him on probation, falls within the prohibition of the Affronti case, the result would be not to invalidate the part of the sentence committing him to the custody of the Attorney General for one year but only that part of it providing for suspension and probation, and the last state of the appellant would be worse than the first.

The order appealed from was free of error. It is affirmed.