# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-5067**                    **September Term, 2024**

**1:23-cv-03715-UNA**

**Filed On:** January 6, 2025

Alexander P. Bebris,

       Appellant

   v.

National Center for Missing and Exploited
Children, also known as NCMEC,

       Appellee


### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Katsas, Childs, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to correct the reply brief, the motion for judicial notice, and the motions to appoint counsel and the addendum thereto, it is

**ORDERED** that the motion to correct the reply brief be granted. It is

**FURTHER ORDERED** that the motion for judicial notice be granted. It is

**FURTHER ORDERED** that the motions to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order dated February 2, 2024, be affirmed. The district court did not err in dismissing appellant's action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. See Taylor v. U.S. Prob. Off., 409 F.3d 426, 428 (D.C. Cir. 2005). Specifically, the court did not err in concluding that appellant could not sustain a Freedom of Information Act ("FOIA") claim against appellee, the National Center for

Missing and Exploited Children ("NCMEC"), because appellant failed to demonstrate that NCMEC is an "agency" subject to suit under FOIA.  See 5 U.S.C. § 552(f)(1); 5 U.S.C. § 551(1).  Appellant cites various links between NCMEC and the federal government, including NCMEC's duty to cooperate with federal law enforcement and Congress's control over NCMEC's use of federal funds.  But appellant has not shown that NCMEC possesses "the 'authority' necessary for it to qualify as an 'authority of the government of the United States' under § 551(1) [or] the executive department status necessary under § 552(f)."  Dong v. Smithsonian Inst., 125 F.3d 877, 883 (D.C. Cir. 1997); see also Lazaridis v. U.S. Dep't of Just., 713 F. Supp. 2d 64, 68-69 (D.D.C. 2010) (holding that NCMEC is not subject to FOIA).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**